[Cite as *State v. Schroeder*, 2016-Ohio-849.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-14-1228

      Appellee                                     Trial Court No. CR0200701938

v.

James E. Schroeder                              **DECISION AND JUDGMENT**

      Appellant                                    Decided:  March 4, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
David F. Cooper, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Stephen P. Hardwick,
Assistant Public Defender, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a September 30, 2014 judgment of the Lucas County Court of Common Pleas, denying appellant's motion to vacate postrelease control in connection to appellant's 2007 felony conviction of two counts of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A), felonies of the third degree.  For the reasons set forth below, this court affirms the judgment of the trial court.

**{¶ 2}** Appellant, James E. Schroeder, sets forth the following assignment of error:

The trial court erred by failing to vacate Mr. Schroeder's post release control.

**{¶ 3}** The following undisputed facts are relevant to this appeal. In 2007, the Lucas County Sheriff's Department was contacted by concerned parents of various teenage boys regarding a pattern of conduct by appellant. It came to the attention of these parents that appellant was furnishing their sons drugs and alcohol and ultimately initiating and engaging in oral and anal sex with the boys.

**{¶ 4}** The investigation revealed that the minors pursued by appellant would be approximately 13 years of age when initially approached by appellant. The subsequent investigation included a search of appellant's residence and extensive interviews with the victims. The investigation uncovered a wealth of irrefutable evidence that established repeated unlawful sexual conduct between appellant and minor males over a period of many years. In addition, appellant possesses an extensive criminal history, including multiple past felony sexual offenses, and multiple drug and alcohol offenses.

**{¶ 5}** On May 3, 2007, appellant was indicted on four counts of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A), felonies of the third degree. On August 21, 2007, pursuant to a negotiated plea agreement, appellant pled no contest to two of the four counts pending against him. In exchange, the remaining charges were dismissed.

2.

{¶ 6} On September 26, 2007, appellant, appellant's counsel, and the trial judge all reviewed and executed a detailed written document entitled, "Notice Pursuant to R.C. 2929.19(B)(3)." Notably, the first sentence of this document unambiguously states, "A term of post-release control after prison **will** be imposed following prison release for an F1 or F2, a felony sex offense as defined in RC 2967.28 or for an F3."

{¶ 7} As applicable to this matter, appellant pled no contest to two F3 sexual offenses, thereby clearly triggering the imposition of postrelease control. In conjunction with this, the record further reflects that in the written plea agreement itself, executed by appellant and affirmed by him during the colloquy process, states, "If I am sentenced to prison for a felony one or a felony sex offense, after my prison release I will have 5 years of post-release control under conditions determined by the parole board." Lastly, the 2007 sentencing entry clearly reflects that appellant was furnished, "post release control notice under R.C. 2929.19(B)(3) and R.C. 2967.28."

{¶ 8} On September 26, 2007, at the request of counsel for appellant, the R.C. 2929.19(B)(3) notice documentation was executed by appellant, counsel for appellant, and the trial court. The completion of appellant's sentencing was continued until October 1, 2007. On October 1, 2007, appellant was sentenced to a total term of incarceration of seven years. The sentencing entry reflects in pertinent part, "Defendant given * * * post release control notice under R.C. 2929.19(B)(3) and R.C. 2967.28."

3.

{¶ 9} On May 16, 2014, as the conclusion of appellant's term of incarceration approached, appellant filed a motion to vacate postrelease control alleging trial court error in the imposition of postrelease control such that it is void.

{¶ 10} On September 30, 2014, the trial court denied appellant's motion, holding in pertinent part,

> The Sixth District has released numerous cases holding a simple reference to the applicable statutes [R.C. 2929.19(B)(3) and 2967.28] is sufficient to give the offender notice that the court authorized a post-release control sanction. In view of the above, the court finds that the court properly notified defendant of his post-release control sanction at the time of sentencing and properly incorporated the notice into its sentencing entry.

This appeal ensued.

{¶ 11} In the assignment of error, appellant maintains that the 2007 imposition of postrelease control as a component of appellant's sentence was defective and, therefore, void. We do not concur. In support of this appeal, appellant alleges, "Here, the trial court did not impose any period of post-release control at any time." The record of evidence in this matter does not comport with appellant's position.

{¶ 12} We have carefully reviewed and considered this matter. We find that the record of evidence demonstrates that appellant was explicitly and properly notified on multiple occasions that postrelease control could and would be imposed as a result of the proceedings against him.

4.

{¶ 13} On August 21, 2007, appellant executed a written plea agreement explicitly attesting to his knowledge that he was entering pleas of no contest to several third-degree felony sexual offenses and that a felony sex offense sentencing will result in, "5 years of post-release control under conditions determined by the parole board." The plea agreement goes on to further attest to appellant's understanding that, "[I]f I violate any of the conditions imposed, I could be given a longer period under court control, greater restrictions, or a prison term from the basic range."

{¶ 14} On September 26, 2007, appellant, appellant's counsel, and the trial court all reviewed, executed, and certified a written notice to appellant performed pursuant to R.C. 2929.19(B)(3). This document consistently states, "A term of post-release control after prison **will** be imposed following prison release for an F1 or F2, a felony sex offense as defined in R.C. 2967.28 or for an F3." Appellant subsequently entered pleas to third-degree felony offenses. This same document further delineated, "For violating post-release control conditions, the adult parole authority or parole board may impose a more restrictive or longer control sanction, including a nine-month prison term for each violation." The acknowledgment provision at the conclusion of the document and executed by all involved unambiguously stated, "Defendant understands all components and consequences of sentencing at this time. Defendant acknowledges receiving a copy of this form, completely reading it and understanding all components of any sentence the Court imposes."

**{¶ 15}** On October 1, 2007, appellant's bifurcated sentencing hearing was completed. The corresponding sentencing judgment entry clearly reflects, "Defendant given * * * post release control notice under R.C. 2929.19(B)(3) and R.C. 2967.28."

**{¶ 16}** In conjunction with all of the foregoing, we note that the underlying dispute in this matter is governed by this court's ruling set forth in *State v. Murray*, 2012-Ohio-4996, 979 N.E.2d 831 (6th Dist.). In *Murray*, it was similarly alleged that the imposition of the postrelease control sanction was defective. In addition, the cases are further analogous in that both involve appellants who failed to furnish full sentencing transcripts in support of appeals alleging trial court error at those sentencings.

**{¶ 17}** In *Murray*, this court clearly stated, "Our court has released numerous cases holding a simple reference to the applicable statutes is sufficient to give the offender the required notice that the court authorized a post-release control sanction." *Id.* at ¶ 24. Significantly, this court further held that because appellants failed to incorporate into the record a full transcript of the sentencing hearing, "[W]e must presume the propriety of that hearing and find that appellant was properly notified of post-release control at the sentencing hearing." *Id.* at ¶ 25.

**{¶ 18}** Based upon the foregoing, we find that appellant's failure to incorporate a full transcript of the sentencing hearing in the record on appeal culminates in a presumption of the regularity of the proceedings at the sentencing hearing. However, we further find that even assuming arguendo that the presumption of regularity of the

6.

sentencing hearing was not applicable, the record nevertheless contains ample evidence of proper postrelease control notification to appellant.

{¶ 19} Wherefore, we find appellant's assignment of error to be not well-taken. The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.         _____
<br>JUDGE

Thomas J. Osowik, J.

_____
<br>Stephen A. Yarbrough, J.       JUDGE
<br>CONCUR.

_____
<br>JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.